IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CAITLIN ATWATER,                )
Administratrix of the Estate    )
of Kathleen Hunt Peterson,      )
                                )
            Plaintiff,          )
                                )
        v.                      )    Civil No. 1:04CV00503
                                )
NORTEL NETWORKS, INC.; NORTEL   )
NETWORKS U.S. DEFERRED          )
COMPENSATION PLAN; NORTEL       )
NETWORKS RETIREMENT INCOME      )
PLAN; and NORTEL NETWORKS       )
LONG-TERM INVESTMENT PLAN,      )
                                )
            Defendants.         )

MEMORANDUM OPINION

BULLOCK, District Judge

Plaintiff Caitlin Atwater ("Plaintiff") brought this ERISA action against Nortel Networks, Inc. ("Nortel"), Nortel Networks U.S. Deferred Compensation Plan ("Deferred Compensation Plan"), Nortel Networks Retirement Income Plan ("Pension Plan"), and Nortel Networks Long-Term Investment Plan ("LTI Plan") (collectively "Defendants"). Plaintiff is the administratrix of the estate of Kathleen Hunt Peterson, and Defendant Nortel is the plan administrator and fiduciary for Defendant Deferred Compensation Plan, Defendant Pension Plan, and Defendant LTI Plan. Kathleen Hunt Peterson designated her husband Michael

Peterson as the beneficiary under each of the defendant plans. Plaintiff alleges that Defendants wrongly paid the plan benefits payable and due under the respective plans in early 2002 to Michael Peterson, the named plan beneficiary and the husband and convicted killer of Kathleen Hunt Peterson. Plaintiff also claims that Defendants wrongly denied the benefit claims of the Estate of Kathleen Hunt Peterson in 2004. Plaintiff asserts claims for relief under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3). Before the court is Defendants' motion for partial judgment on the pleadings regarding Plaintiff's claim asserted under 29 U.S.C. § 1132(a)(3).

DISCUSSION

I. Standard of Review

A motion for judgment on the pleadings is determined by the same standard applied to a motion to dismiss for failure to state a claim upon which relief can be granted. See Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998); see also Pledger v. N.C. Dep't of Health & Human Servs., Dorothea Dix Hosp., 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). In considering a motion for judgment on the pleadings, the court must view the facts presented in the pleadings and inferences drawn therefrom in the light most favorable to the non-moving party. Edwards v.

2

City of Goldsboro, 178 F.3d 231, 248 (4th Cir. 1999). The court must accept all well-pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false. 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1368 at 520 (2d ed. 1990).

When considering a defendant's motion for judgment on the pleadings, the court must base its decision solely on information obtained from the pleadings. Dobson v. Cent. Carolina Bank & Trust Co., 240 F. Supp. 2d 516, 519 (M.D.N.C. 2003) (citations omitted). Entry of judgment on the pleadings is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In other words, a defendant cannot succeed on a motion for judgment on the pleadings when allegations in the plaintiff's pleadings would permit recovery if supported by sufficient proof. Wright and Miller, supra, at 527-28.[1]

---

[1] Federal Rule of Civil Procedure 12(c) provides: "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." In their motion for partial judgment on the pleadings, Defendants properly relied on the pleadings alone. See Eagle Nation, Inc. v. Market Force, Inc., 180 F. Supp. 2d 752, 754 (E.D.N.C. 2001). Accordingly, Defendants' motion will remain a motion for partial judgment on the pleadings.

3

II.  <u>Plaintiff May Not Seek Relief Under 29 U.S.C. § 1132(a)(3) Because § 1132(a)(1)(B) Provides an Adequate Remedy</u>

Plaintiff asserts two claims under ERISA's civil enforcement provision, which is codified at 29 U.S.C. § 1132.  Plaintiff seeks relief under subsections 1132(a)(1)(B) and 1132(a)(3). Subsection 1132(a)(1)(B) provides that a civil action may be brought "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Subsection 1132(a)(3) provides that a civil action may be brought

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Subsection 1132(a)(3) has been characterized as a "catch all" remedy available under ERISA's civil enforcement provision. <u>See</u>, <u>e</u>.<u>g</u>., <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 512 (1996). Generally, if subsection 1132(a)(1)(B) provides an adequate remedy, then a plaintiff may not assert a claim under subsection 1132(a)(3).  <u>See</u> <u>id</u>. at 512 (subsection 1132(a)(3) "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations [for which subsection 1132(a)(1)(B)] does not [provide an] adequate[] remedy"); <u>Griggs v. E.I. DuPont De Nemours & Co.</u>, 237 F.3d 371, 385 (4th Cir. 2001) (quoting <u>Varity</u>,

4

516 U.S. at 515) ("such relief [as provided in subsection 1132(a)(3)] is not 'appropriate' equitable relief 'where Congress elsewhere provided adequate relief for a beneficiary's injury' [such as Congress provided in subsection 1132(a)(1)(B)] and there is 'no need for further equitable relief'"); Hoyle v. Liberty Life Assur. Co. of Boston Inc., 291 F. Supp. 2d 414, 417 (W.D.N.C. 2003) ("Where, therefore, a plaintiff seeks a remedy for the wrongful denial of benefits under ERISA, [subsection 1132(a)(1)(B)] provides that remedy, and she may not pursue a claim for breach of fiduciary duty under [subsection 1132(a)(3)] related to the alleged wrongful denial of benefits, either in addition to a claim for benefits or as her sole remedy."); Blair v. Young Phillips Corp., 235 F. Supp. 2d 465, 472 (M.D.N.C. 2002) ("where a participant is provided adequate relief by the right to bring a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy in a breach of fiduciary duty claim under Section 1132(a)(3)"). If, on the other hand, subsection 1132(a)(1)(B) does not provide the sole basis for an adequate remedy, a claim under subsection 1132(a)(3) may also be asserted. See, e.g., Magliulo v. Metro. Life Ins. Co., 208 F.R.D. 55, 58 (S.D.N.Y. 2002) (finding that plaintiff could simultaneously assert claims for relief under subsections 1132(a)(1)(B) and 1132(a)(3) where one of plaintiff's claims--regarding defendant's claims procedure--could not be

5

adequately addressed under subsection 1132(a)(1)(B)). When a plaintiff seeks simply to recover benefits, however, subsection 1132(a)(1)(B) provides an adequate remedy for that plaintiff's claim. See, e.g., Klecher v. Metro. Life Ins. Co., 331 F. Supp. 2d 279, 287 (S.D.N.Y. 2004) (finding that subsection 1132(a)(1)(B) provides a remedy for "an 'ordinary' denial of benefits claim").

Here, Plaintiff seeks to recover benefits due the estate of Kathleen Hunt Peterson by Defendants. The redress sought by Plaintiff is adequately provided for under subsection 1132(a)(1)(B).[2] Plaintiff is therefore foreclosed from pursuing an equitable claim under Section 1132(a)(3). Accordingly, the court will grant Defendants' motion for partial judgment on the pleadings regarding Plaintiff's claim for relief under subsection 1132(a)(3).[3]

---

[2] Plaintiff attempts to state that her claim under subsection 1132(a)(3) is for the benefit of the defendant plans. Plaintiff, however, does not have standing to seek redress for injuries done to the Defendant plans. See, e.g., Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972).

[3] The court need not address the merits of Plaintiff's arguments regarding Defendants' fiduciary duties.

6

CONCLUSION

For the foregoing reasons, the court will grant Defendants' motion for partial judgment on the pleadings regarding Plaintiff's claim under 29 U.S.C. § 1132(a)(3).

A judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

_____
United States District Judge

May 3, 2005